So the morning is United States against Graf Good morning and may it please the court and the opposing counsel I'm attorney Chris Donovan I represent mr. Graf on this appeal this court has recognized several fair and just reasons that allow defendants to withdraw a guilty plea before sentencing and has gone as far as to describe the standard as liberal one fair and just reason is when a defendant can establish ineffective assistance of counsel but there's other avenues to establishing a fair and just reason beyond ineffective assistance of counsel the facts of this case not fitting neatly into an effective assistance standard should establish a fair and just reason ultimately the error that we contend occurred here is that the district court abused its discretion by not recognizing that a fair and just reason is not confined only to ineffective assistance claims I believe the abuse of discretion by the trial court is revealed based on two of its findings in the written order which is in our appendix first it characterized the core of our motion as being that mr. Graf's first lawyer failed to demand the government disclose the confidential informant in his case but this was not the core of our motion the core of the motion is that his lawyer did not discuss it with them and he later learned of the possibility of a meritorious motion to demand that the CI be disclosed so that helped defend I think it could have helped in two ways one if the CI was valuable enough to the government the government might have chose not to disclose this was a low level nonviolent counterfeiting offense we don't know if the CI might have been involved in other cases and if the government made the choice we're not going to disclose then the court could have dismissed but even if the court would have or I'm sorry even if the government said okay we'll disclose we'll tell you who it is it would have led to further investigation that we could have questioned the CI we could have learned about his criminal record his background other potential basis is for impeachment I none of this has anything to do with any factual or legal innocence does it I believe it could lead to legal innocence not factual how because I believe potentially talking to a CI in addition to his record and other basis for impeachment and biases maybe perhaps reveals an entrapment defense how could how could the defendant not know the basis for his own right and and and to even more fundamentally normally in these in these cases where that where the defendant was to know who is the CI the defendant doesn't know who the CI is and that's why he's asking but in this case the defendant as I understand what happened here the defendant met with the CI twice talked to him in numerous times so maybe didn't know the man's real name or you know certainly didn't know that he was in fact cooperating with the government but this it wasn't a mystery who is it that gave information on me who is it that has ratted me out who is it that might have a motive in telling lies about me if this is a case where the defendant knows perfectly well has laid eyes on the man well that's right he does I mean he he remembers and knows you know who he met with he doesn't know his true identity and so he can't do any said so if the person said something to him that met the standards for an entrapment defense he had perfect knowledge he knows what was said to him what was it what was it that his name and social security number would have added or could have added well again I don't think it's just entrapment that might have been revealed it would have been okay name anything that his name and criminal record what does that have to do with anything it goes to if you had decided to proceed to trial I mean basically controlled buys of the counterfeit money I'm sorry these were controlled buys of the counterfeit yes right so so maybe he's got a record so what I mean he didn't let me ask you sorry let me ask the more fundamental question here you've asked us to adopt the Ninth Circuit's McTiernan standard as I read that that seems to conflict with some of our cases saying that the defendant is not entitled to withdraw simply because he learns of weaknesses in the government's ability to prove its case such as if a key witnesses headed to Argentina or had a sudden case of amnesia like why should since those claims really have nothing to do with seems to be the smack of gamesmanship why should we rule those cases I don't think it conflicts with those cases this is really to me kind of analogous to a rule 33 newly discovered evidence type claim where it's really newly discovered law I mean this is mr. graph organically not not through gamesmanship not through any sort of manipulation learning of a meritorious motion our position is it would have been meritorious maybe not necessarily successful but meritorious to disclose the CI after he had pled guilty he has admitted his guilt right yes what's unjust about this because and this is where I think McTiernan kind of fills in the gap when you can't show an effective but you can show that had the person known about this potentially meritorious motion prior to pleading and would not have pled that I believe can be a fair and just reason that's the film director commits a crime pleads guilty and before sentencing departs for Switzerland and doesn't return to the United States for more than 30 years if he were to return would he be able to make the kind of argument you're making my lawyer didn't tell me that I could have identified the that I could have asked for the identification of the anonymous complainant and I would therefore like to withdraw my guilty plea from 30 years ago I think the further way you get from the guilty plea perhaps that becomes problematic here we don't have that length of time but if it was similar got many months here right and that's a situation that's a situation in which a government prosecutor got prosecution case Kenny Road as memories fade as witnesses get harder to contact or leave the jurisdiction right right we don't have a delay of many months but it's not a huge delay after he was made aware of of the potential motion so it's a gap from his original plea but not from when he was aware of Rovio basically so the hypothetical you give I think is problematic because we're talking you know why I guess if he comes back to the jurisdiction and subjects himself to the authority of the court and and that's when he gets a new lawyer and that lawyer says hey by the way you know maybe there's way to challenge this case I think perhaps then it is similar to the facts of our case and it should be allowed if he I don't know if you're thinking about Roman Polanski but he hasn't come back and subjected himself to the jurisdiction so I think that's even complaining party was but there's nothing about the Rovio motions that's that narrows your your theory as I understand it right right Rovio to me is just the baby just knows that the witness would be favorable to exactly I mean that that's again let him withdraw the guilty plea it could be it could be favorable to him again we don't know because what's the point of a guilty plea I mean if you can offer it flee the jurisdiction or at least refuse to show up for sentencing and then say I'd like to start all over again I mean again this is where the reasonable standard person standard comes in it's not just any motion he later learns of that he can halfway articulate a basis for this has to be something that a reasonable objective person in his position would have wanted to know and had he known would not have pled guilty and I think the other part of McTiernan that we point out in the reply brief is that he would have to show that he didn't in fact know about this motion ahead of time and nonetheless decided to plead guilty and I don't think here that there's a dispute that he did not know about Rovio or the government at least hasn't contested that part of it I see that the light is on I would like to save a minute or two for rebuttal unless there's any other questions mm-hmm thank you certainly mr. Donovan mr. Proctor thank you your honor may it please the court Benjamin Proctor appearing for the United States I want to hit on judge Hamilton's comment there what is the point of a guilty plea I think that's important for context here mr. graph had gone through a thorough rule 11 colloquy with the assistance of counsel he knew the factual basis for the plea he knew the rights he was giving up during that that time he admitted his guilt to the factual basis for that plea which which your honor hit on he knew he had met with the confidential informant the facts regarding the confidential informant were clearly laid out he admitted his guilt so he rightly faced an uphill battle in trying to seek removal of his guilty plea from the district court he mentions that the the issue came up organically I think it's worth noting that mr. graph did flee the flea bond after his his plea hearing while awaiting sentencing the sentencing hearing had to had to be removed from the calendar because he was at large he was later arrested committed several other felonies was then later brought in after the pre-sentence report had been disclosed showing that he wasn't going to receive the benefits of the plea agreement including acceptance responsibility at that point he did file his motion for withdrawal but the district court was right to reject his motion this escape hatch as this court has said for getting out of a plea after a thorough rule 11 colloquy is narrow examples of that one can get through would be legal innocence actual innocence or an involuntary plea mr. graph is not arguing any of those facts he concedes but that's he can't show involuntary plea and that's fatal to his claim this motion the arguments that he's making are not necessarily new or unique it's I find it difficult to distinguish from an ineffective assistance counsel claim because he's essentially basing this on I got bad advice from my attorney or my attorney didn't give me certain advice before I made the decision to plead guilty and this court has said that under those circumstances the Strickland standard applies if someone is able to show that counsel is incredibly deficient or there was prejudice they might have a valid basis for removal plea but that's not the case here here is asking for a new standard I mentioned in the brief that not only with that standard I believe be unworkable here again we do have a point of finality in plea agreements it's important to our system of justice we go through a rule 11 colloquy and have a knowing involuntary plea there's a point to that and it's got to be difficult to the district court was right to hold mr. graft some type of showing that what he was seeking the advice that he wanted to have before he made a guilty plea was going to have some realistic impact on the outcome of this case it's entirely speculative with that I'm happy to entertain any questions from the court otherwise I rely on my brief and ask this court to affirm the judgment thank you very much mr. Proctor anything further mr. Donovan just a few brief points again I don't believe it's on an unworkable or standard lists test that we're asking for here because it is a reasonable person test the government makes much of the rule 11 colloquy and I don't contest that the judge did a thorough rule 11 colloquy and covered what was required but again that doesn't address that mr. graph learned about the Roe v. R motion afterwards so nothing that he said necessarily contradicted or showed that he was committing perjury at the original colloquy well except the it's politically he was asked you understand that you have the right to call witnesses in your own defense you have the right you would have the right to cross-examine the witnesses called by the government so had he been genuinely curious what does the CI know about me what does he have to say he could he knew that he was entitled to go to trial and get that information I don't know that he knew that he was entitled to find out the witnesses identity since it hadn't been disclosed up until that point being told you can cross-examine witnesses you know he might be thinking I can cross-examine who's actually called but we don't even know who this is and if they will be called and and without knowing the name and knowing that it's on a witness list I don't think that that necessarily you know covers his knowledge in that regard so again we believe the abuse of here did not even acknowledge McTiernan didn't talk about what his theory of withdrawing his plea actually was which was not ineffective assistance and that he basically forced an ineffective assistance analysis and and that was the abuse of discretion so we ask you to remand for instructions to allow him to withdraw his plea thank you thank you very much mr. Donovan we appreciate your willingness to accept the appointment and your assistance to the court thank you